RECEIVED
APR 1 4 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE UNITED STATES OF AMERICA )<br>              Plaintiff,  )<br>                        )<br>vs.                     )<br>                        )<br>KURT LEPPING            )<br>                        )  Case No. A02-0043-CR (JWS)<br>              Defendant. ) | |

## AFFIDAVIT OF KURT LEPPING

STATE OF ALASKA           )
                          ) ss.
THIRD JUDICIAL DISTRICT   )

KURT LEPPING, being first duly sworn upon oath, deposes and states as follows:

1. I have personal knowledge of all facts stated herein, and I am competent to testify to these facts.

2. On August 1, 2002, I was sentenced to serve five years of probation and ordered to pay a $50 assessment fee and a $15,000 fine for pleading guilty to two Lacey Act hunting violations.

3. Immediately after the sentencing hearing on August 1, 2002, when I was reviewing and signing the Conditions of Probation and Supervised Release form presented by the U.S. Probation Office, I was advised by my Parole Officer, Charlene Wortman, that I would be eligible for termination of my probation after serving two-thirds of my sentence -- in 40 months -- provided that I timely pay the assessment fee and fine and comply with the conditions of my probation.

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

4. I have at all times fully complied with all of the terms of my probation, and I timely paid the assessment fee and fine in full. To my knowledge neither the U.S. Probation Office nor any other government representative has ever filed a petition to revoke my probation, and as of May 1, 2006 I will have served 45 months — or seventy-five percent — of my probationary period.

5. The circumstances of my probation have greatly impacted my economic earning ability in ways unrelated to the hunting violations for which I was convicted and sentenced. It has affected my land development business, my business of buying and reselling airplanes at a profit, and my fishing business. none of which were involved in any way in the case before this Court or this Court's sentence of me.

6. As a first example, in October of 2005 I had an opportunity to buy some land in Reno, Nevada for $400,000 if the sale was completed within three days. I made numerous calls to Ms. Wortman to get permission to travel to Reno to close this deal, but was never able to reach her. Another buyer purchased the property for $825,000 and then sold it for $1,050,000. I feel that as a result of my probation conditions, I lost a potential for $650,000 in profit.

7. Currently I am preparing to buy a piece of property in Minneapolis that is to go on sale as soon as the owner, who is in a nursing home, passes away. This piece of land provides crucial access to three other plots of land that will in turn make an exclusive subdivision. However, I will have to be able to travel quickly in order to take advantage of this deal. I feel that being unable to quickly obtain permission from Ms. Wortman again will jeopardize this deal, a deal that could net me several hundred thousand dollars.

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

AFFIDAVIT OF KURT LEPPING
USA vs. Lepping
{F:\505914\6\CXH7479.DOC}
Page 2 of 5
Case No. A02-0043 CR (JWS)

8. As a second and third example, on August 7, 2002 I sent travel requests to Ms. Wortman in order to make trips to Montreal, Canada and Hamburg, Germany. Both of these trips were to look at aircraft that were for sale. Ms. Wortman did not answer my requests and so I sent several more, but never received a response.

9. The trip to Montreal, Canada had been to look at a "Super Cub" on floats. This airplane was for sale for $45,000 US, which is considerably under its value. I went to considerable trouble to arrange to see this plane, but because I could not get approval to travel to look at this plane, an acquaintance of mine bought it. He sold the floats for $8,000 and then flew the plane for two years before selling it for $78,000. I feel that missing this opportunity cost me a profit of $40,500.

10. The trip to Hamburg, Germany was to look at a Dehavilland Beaver on floats and wheels. I went to considerable cost to research this plane and to arrange shipping. The plane was priced $75,000 to $90,000 below its current value. I made continued attempts to get travel approval from Ms. Wortman from August 7, 2002 until October 9, 2002. However, she never responded. I eventually heard that a person in Talkeetna bought the plane and resold it for a $97,000 profit.

11. As a fourth example, I also lost out on an opportunity to buy a 1974 Cessna 180 with floats, wheels, and skis for $46,000, which was for sale in Canada. This plane was worth $85,000 to $95,000. When I attempted to call Ms. Wortman regarding traveling to see this plane, I was only able to reach her voicemail.

12. Prior to being on probation I would buy and resell at a profit one to three planes a year in order to help support myself. I constantly review trade magazines and internet sites for deals on airplanes, but I fear that I will lose out on many more deals because of my inability to travel on short notice.

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

13. The last example is the impact to my fishing business. I own and operate a fishing lodge in Wasilla. Pursuant to an agreement with Mr. Stu Utgaard, the owner of the Sportsman's Warehouse chain of sporting goods stores, I spent several weeks and tens of thousands of dollars to build kiosks for placement in Sportsman's Warehouse retail locations around the United States to advertise my fishing lodge. To be clear, my conviction and sentencing addressed a hunting business I previously operated, but the conviction and sentencing had nothing at all to do with my fishing business. And it is this fishing business that my probation has hurt financially.

14. Officers of the United States Fish and Wildlife contacted Mr. Utgaard and "strongly suggested" that Mr. Utgaard remove my advertising kiosks from his stores. Mr. Utgaard contacted me and told me that he intended to remove the kiosks because he felt that federal agents would "lean on him or his business" and he did not want this to affect sales at his Anchorage store.

15. Mr. Utgaard indicated that he would be willing to speak with me again regarding advertising in his stores once I was off of probation.

16. During the six months that my advertising kiosks were in the Sportsman's Warehouse stores, I booked four fishing groups as a direct result of those kiosks. Since then, I have had repeat bookings with referrals from those clients. The total bookings to date resulting from the advertising kiosks have generated revenue in excess of $214,000.

17. However, it stands to reason that if the kiosks had remained in the stores, they would have generated even more direct and referral business over time. From the time the kiosks were removed to this date, I estimate that my loss of revenue related to their removal from all Sportsman's Warehouse locations totals from $500,000 to $648,000. These losses will continue to accumulate until I am

BIRCH, HORTON, BITTNER AND CHEROT  
ATTORNEYS AT LAW  
1127 WEST SEVENTH AVENUE  
ANCHORAGE, ALASKA 99501-3399  
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

released from probation and able to place my advertising kiosks in Sportsman's Warehouse again.

FURTHERMORE your affiant sayeth naught.

_____
KURT LEPPING

SUBSCRIBED AND SWORN TO before me this 13 day of April, 2006.

_____
Notary Public in and for Alaska
My commission expires: 8/16/2007

CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on the 14th day of February, 2006, a true and correct copy of the forgoing was served by First Class Mail on:

Steven E. Skrocki, Esq.
Assistant U.S. Attorney
Office of the U.S. Attorney
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513

Charlene V. Wortman
U.S. Probation/Pretrial Services Officer
United States District Court
District of Alaska
222 West Seventh Avenue, #48, Room #168
Anchorage, AK 99513-7562

BIRCH, HORTON, BITTNER AND CHEROT

By: _____
Chris Hedberg

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680