IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE UNITED STATES OF AMERICA )<br>  )<br>       Plaintiff, )<br>  )<br>vs. )<br>  )<br>KURT LEPPING )<br>  )<br>       Defendant. )<br>  ) | Case No. A02-0043-CR (JWS) |

**REPLY IN SUPPORT OF MOTION FOR MODIFICATION OF SENTENCE
FOR EARLY TERMINATION OF PROBATION**

On April 20, 2006, Mr. Lepping received a copy of a memorandum from U.S. Probation Officer Charlene Wortman that was filed in response to Mr. Lepping's Motion for Modification.[1] The Probation Office's memorandum contains many inaccuracies and mischaracterizations of past events and therefore Mr. Lepping files this reply in response.[2] The U.S. Attorney's Office has not opposed Mr. Lepping's Motion for Modification.

A second affidavit from Mr. Lepping in support of this reply is filed herewith.

I. **INACCURACIES AND MISCHARACTERIZATIONS IN THE PROBATION OFFICER'S MEMORANDUM**

In its memorandum to this court, the Probation Office makes many statements that give the impression that Mr. Lepping is fabricating his assertions that he was told

---

[1]  See Memorandum of Charlene Wortman dated April 18, 2006.

[2]  Second Affidavit of Kurt Lepping at ¶ 2.

REPLY IN SUPPORT OF MOTION FOR MODIFICATION OF SENTENCE    Page 1 of 11
USA vs. Lepping    Case No. A02-0043 CR (JWS)
{F:\50591\6\SMK0183.DOC}

about the possibility of early release. This is not the case. The memorandum also implies that Mr. Lepping's travel requests were quickly and efficiently dealt with by the Probation Office. However, the record demonstrates that many of Mr. Lepping's travel requests fell into a "black hole" in Ms. Wortman's office and that he received no word on many of them about whether they were granted or denied. Finally, the memorandum attempts to assassinate Mr. Lepping's character by providing the court with a laundry list of unfounded and unproven allegations against him. And to the extent that memorandum refers to a legitimate incident in Mr. Lepping's past, the writer, Ms. Wortman has exaggerated the incident and take liberties with the facts.

Additionally, the memorandum indicates that there is no documentation regarding Mr. Lepping being advised of the practice of releasing probationers once they have served two-thirds of their term. This is true, however it is only because U.S. Probation Officer Paul Richards provided Mr. Lepping with this information orally.[3]

### A. The memorandum makes several misrepresentations regarding Mr. Lepping's travel requests

The Probation Office's memorandum gives the impression that Mr. Lepping's travel requests were dealt with quickly and efficiently. In contrast, the record shows that Mr. Lepping often received no response to his travel requests at all, whether they were granted or denied. And there is evidence that Mr. Lepping was told that requests had been forwarded to this court when, in fact, they had not.

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

---

[3] Id. at ¶ 3.

First of all, as this court is aware, there was a recent incident involving a request by Mr. Lepping to travel to Italy in order to attend the Winter Olympic Games. On November 12, 2005, Mr. Lepping requested permission to travel for this purpose.[4] On December 5, 2005, Ms. Wortman called Mr. Lepping to inform him that <u>this court</u> had denied his request to travel.[5] When Mr. Lepping inquired as to why this particular request had been denied, Ms. Wortman told him that she would ask this court.[6] Some time later, Mr. Lepping requested a copy of Ms. Wortman's correspondence with this court regarding his travel request. Ms. Wortman refused to supply it and to this date Mr. Lepping has never seen *any* such correspondence nor *any* evidence that his *original* travel request was ever presented to this court.[7] When Mr. Lepping eventually filed a motion for this court to consider his travel request directly, the U.S. Attorney's Office did not oppose it, and the request was quickly granted by this court. Mr. Lepping has never seen any indication in the record that Ms. Wortman transmitted his original travel request to this court as she claims nor has Mr. Lepping seen any record of this court denying his original request as she maintains.

Next, in the memorandum Ms. Wortman indicates that on September 9, 2002, she forwarded to the court Mr. Lepping's travel request for travel to Germany,

---

[4]   *See* Exhibit A [Mr. Lepping's Affidavit in Support of Motion for Consideration of Travel Request] at ¶ 1.

[5]   Id. at ¶ 3.

[6]   Id. at ¶ 4.

[7]   Id. at ¶ 5.

REPLY IN SUPPORT OF MOTION FOR MODIFICATION OF SENTENCE    Page 3 of 11
USA vs. Lepping    Case No. A02-0043 CR (JWS)
{F:\50591\6\SMK0183.DOC}

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

submitted in August 2002. Ms. Wortman also indicates that this request was denied by this court. Mr. Lepping received no notification of this denial.[8] If Ms. Wortman's account is accurate, and this court did receive the request, the court's files should contain a record of this request being received and denied. However, this would not explain why Mr. Lepping <u>never</u> received a notification of the denial.

Ms. Wortman also alleges that Mr. Lepping cancelled his August 2002 travel request for travel to Canada so that he could visit his mother instead. This is patently untrue. As with his request for travel to Germany, Mr. Lepping simply received no communication from the Probation Office whatsoever regarding whether his Canada travel request was granted or denied. And this is why Mr. Lepping ultimately decided to travel to California to visit his mother— he gave up on the trip to Canada because he had heard <u>nothing</u> from Ms. Wortman's office.[9]

### B. The memorandum relies on baseless accusations of wrongdoing by Mr. Lepping in September 2004

Ms. Wortman refers to alleged events surrounding a hunting trip in September of 2004. However, there is no, nor has there ever been, any factual support for Ms. Wortman's version of these events.

In discussing the alleged events of September 2004, Ms. Wortman states, without evidence, that Mr. Lepping encouraged Gary Cox to lie to Alaska State Troopers regarding accidentally purchasing a moose permit for the wrong area. In actuality, Mr. Lepping told Mr. Cox to tell the truth, which was that, after accidentally

---

[8] Second Affidavit of Kurt Lepping at ¶ 4.

[9] <u>Id</u>. at ¶ 5.

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

purchasing the wrong moose tag, Mr. Cox hunted only for wolves. Mr. Lepping never assisted Mr. Cox in hunting moose in the wrong area and is unaware of any evidence that Mr. Cox did so.[10]

Ms. Wortman is correct that Mr. Lepping and his attorney met with her and her supervisor regarding the alleged guiding violations of September 2004. During that meeting, the Ms. Wortman claimed that the U.S. Attorney possessed taped interviews with witnesses demonstrating Mr. Lepping's guilt. For the next several months Mr. Lepping's attorney attempted to get a copy of these interviews from Ms. Wortman. The Probation Office never produced these tapes, nor any other evidence of any wrongdoing by Mr. Lepping in September of 2004. Mr. Lepping's attorney interviewed these same witnesses and they denied making any of the allegations against Mr. Lepping that Ms. Wortman refers to. Their version of the events of September 2004, agrees with Mr. Lepping's version. There is simply nothing in the record to support the accusations that Ms. Wortman irresponsibly bandies about in her memorandum.

The U.S. Attorney's Office never filed a petition to revoke Mr. Lepping's probation, and Mr. Lepping was never charged with any wrongdoing regarding the events of September 2004.[11]

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

---

[10]   Id. at ¶ 12.

[11]   Id. at ¶ 13.

C. **The memorandum alleges a "Fall 2005" hunting violation occurred but provides absolutely no factual basis or details to support it**

On page 7 of the Probation Office's memorandum, Ms. Wortman refers to "a possible commercial hunting transaction in the Fall of 2005." However, the memorandum contains absolutely no factual basis in support of this allegation. Mr. Lepping is unaware of any such allegations regarding his behavior in the Fall of 2005. Furthermore, Mr. Lepping categorically denies any such allegations, and demands that the Probation Office be required to provide some substantiation for these accusations.[12]

D. **The memorandum makes judgments regarding Mr. Lepping's financial well-being without any evidence to back them up**

The Probation Office's memorandum claims that Ms. Wortman has personal knowledge that Mr. Lepping is in good financial shape. It claims that Mr. Lepping has told Ms. Wortman that his construction business is "doing well" and that she therefore believes that his probation has not affected his business or financial well-being. Mr. Lepping has never made any such representation to Ms. Wortman. Mr. Lepping has simply told Ms. Wortman on occasion when he is working on a house, and when he has sold a house. There is no factual basis for Ms. Wortman's "belief" that Mr. Lepping's probation has not negatively affected him financially, and Mr. Lepping renews his assertion that the conditions of his probation have caused him, and continue to cause him, serious financial hardship.[13]

---

[12]   Id. at ¶ 26.

[13]   Id. at ¶ 10.

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

### E. The memorandum distorts the record and misstates facts regarding Mr. Lepping's behavior while on supervision

The Probation Office memorandum refers to Mr. Lepping's January, 2005 conviction for a violation of Failing to Leave Evidence of Sex Naturally Attached to the Moose Quarters. This conviction is not criminal, but rather is for a civil violation. Mr. Lepping *was* convicted of this violation, however the undisputed facts show that Mr. Lepping was not actually present when the violation occurred. It is undisputed that when Mr. Lepping left the site, the moose was intact as required by law. However, Mr. Lepping's hunting partner, in an effort to be helpful, skinned the hindquarters not realizing that he was doing anything illegal.[14] Although Mr. Lepping was convicted of the violation, this conviction is mitigated due to the fact that he was not present when the actual violation occurred.

The Probation Officer memorandum also states that, while on probation, Mr. Lepping traveled to Hawaii without the office's permission. During the time in question Mr. Lepping had permission from the Probation Office to travel between Hawaii, Seattle, and California. While Mr. Lepping was traveling, Ms. Wortman *did* contact him and tell him that she wished to discuss the Gary Cox matter with him, but she did not revoke his permission to travel at this time. Mr. Lepping returned to Alaska for one week to check his mail and pay bills before returning to Hawaii. However, Mr. Lepping called Ms. Wortman while he was in Alaska and left her a message.[15] On February 18, 2005, when Mr. Lepping spoke to Ms. Wortman from

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

---

[14]   Id. at ¶ 23.

[15]   Id. at ¶ 24.

Hawaii, she acknowledged that he had permission to be there and that she simply stated that he was to meet with her regarding the Gary Cox matter as soon as he returned.[16]

### F. The memorandum exaggerates the circumstances under which Mr. Lepping's August 2002 convictions occurred

The Probation Office memorandum also attempts to exaggerate Mr. Lepping's actions during the events underlying his August 2002 convictions. Although Mr. Lepping was convicted of the offenses, the offenses were mitigated due to the actual circumstances surrounding the incident.

The Probation Office memorandum alleges that on the date of his violation, Mr. Lepping's client had already shot and killed an illegal moose earlier in the hunt. However, this earlier moose was not illegally taken, but the moose was smaller horned than what the client wanted.[17] Furthermore, the memorandum alleges that Mr. Lepping advised the client to take another moose illegally. In fact, upon learning of the client's intentions to do so, Mr. Lepping left the area in disgust. However, Mr. Lepping does concede that he failed to prevent the client from illegally taking this second moose.[18]

### G. The memorandum makes miscellaneous unproven and unsubstantiated allegations

In addition to inaccurately representing the Probation Office's handling of Mr. Lepping's travel requests, alleging completely unsubstantiated hunting violations,

---

[16] Id. at ¶ 25.

[17] Id. at ¶ 20.

[18] Id. at ¶ 21.

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

and making baseless judgments about the affect of Mr. Lepping's probation on his financial condition, the Probation Office memorandum lists myriad unproven and unsubstantiated allegations against Mr. Lepping from the past in an effort to sway this court's decision.

The fact is, that these allegations have remained unproven because they are untrue. The memorandum alleges that Mr. Lepping made a practice of illegally spotting game from his airplane and giving this information to clients. This allegation is untrue.[19] The memorandum alleges that when Mr. Lepping was confronted by agents seeking a warrant to search his plane, he locked himself inside to erase the GPS unit's memory. This allegation is also untrue.[20]

In the memorandum, the Probation Officer even goes so far as to refer to two incidents over a decade old. In fact these two incidents are nothing more than a false accusation from a competing guide with a score to settle,[21] and a misunderstanding due to a clerical error on a fish and wildlife form.[22] And in both instances, the charges were dismissed.[23]

---

[19]   See Id. at ¶ 14-16.

[20]   See Id. at ¶ 17.

[21]   See Id. at ¶ 18.

[22]   See Id. at ¶ 19.

[23]   Id. at ¶ 18-19.

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

## II. **CONCLUSION**

Mr. Lepping respectfully requests that this court carefully review this reply and his second affidavit prior to considering the allegations and assertions contained in the Probation Office's memorandum.

Because of financial hardships caused to Mr. Lepping's businesses unrelated to guiding hunts, he renews his request that this court grant him early release from probation. Based upon Mr. Lepping's service of nearly seventy-five percent of his probationary period and his full compliance with all other terms of his sentence, it is reasonable for this Court to order the termination of Mr. Lepping's probation at this time.

DATED at Anchorage, Alaska, this 28th day of April, 2006.

BIRCH, HORTON, BITTNER AND CHEROT
Attorneys for Kurt Lepping

By: _____
for: Gregory A. Miller, ABA No. 8711096

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on the 28th day of April, 2006, a true and correct copy of the forgoing was served by First Class Mail on:

Steven E. Skrocki, Esq.
Assistant U.S. Attorney
Office of the U.S. Attorney
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513

Charlene V. Wortman
U.S. Probation/Pretrial Services Officer
United States District Court
District of Alaska
222 West Seventh Avenue, #48, Room #168
Anchorage, AK 99513-7562

BIRCH, HORTON, BITTNER AND CHEROT

By: *Chris Hedberg*
    Chris Hedberg

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680