MINUTES OF THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

*UNITED STATES OF AMERICA*    v.    *KURT M. LEPPING*

THE HONORABLE JOHN W. SEDWICK              CASE NO. 3:02-cr-00043 (JWS)

PROCEEDINGS:    **ORDER FROM CHAMBERS**              Date: May 2, 2006

At docket 16, defendant Kurt Lepping moves for early termination of his probation. The motion is based on the proposition that after serving two-thirds of a term of probation, compliant probationers are routinely given an early termination of probation. It is also based on Mr. Lepping's assertions of great inconvenience. For example, he laments loss of an opportunity to purchase property in another state if he could close the deal in three days, and not being given permission to travel to the Winter Olympics. However, the record does reflect that he has been given approval for numerous trips to other states and abroad. The probation officer, reciting concerns about defendant's behavior while on probation, including a conviction in state court for a fish and game violation, recommends against early termination. Her recommendation was provided to defendant who filed a response thereto.

Early termination of probation is governed by 18 U.S.C. § 3564(c) which provides: "The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, [terminate probation early.]" As noted above, defendant's motion is founded on two propositions: Probation has proved very inconvenient for defendant, and other people have been released early. That probation should be inconvenient for a well-heeled world traveler is hardly a surprise. Probation is not intended to serve merely as a convenient alternative to incarceration. It is meant to afford defendant a chance to show that he can abide by restrictions on his liberty such that confidence is restored in his ability to be a law abiding citizen. It is also meant to provide just punishment for the offense committed. If defendant's conduct on probation convincingly demonstrated rehabilitation, the court would view his request favorably, as it has those of others who have shown real progress under supervision. However, defendant has not demonstrated progress sufficient to inspire confidence in his ability to willingly abide by the rules and regulations of a complex society.

The court has considered the relevant factors in 18 U.S.C. § 3553(a) and finds that they weigh against early termination in this case. *See* particularly, subsections (a)(1) and (a)((2)(A), (B), and (C).

For the reasons above, the motion at docket 16 is **DENIED**.